IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JOHNNY LACY, GREGORY DAVIS, and all others
similarly situated in the Wisconsin state prison system,

|  |  |  |
|---|---|---|
| | Plaintiffs, | OPINION and ORDER |
| v. | | |
| | | 24-cv-509-jdp |
| KEVIN CARR and GARY BOUGHTON, | | |
| | Defendants. | |

---

Plaintiff Johnny Lacy, Jr., proceeding without counsel, is suing his prison warden and the former secretary of the Wisconsin Department of Corrections for allowing illegal deductions from his prison trust fund account. Gregory Davis is also named as a plaintiff on the complaint, but he did not sign the complaint, pay his filing fee, or submit a trust fund account, so I will dismiss him from the case. Lacy proposes to represent a class of all Wisconsin prisoners who are similarly situated to him, but he does not propose a class definition.

Lacy paid his filing fee, but I must still screen the complaint under 28 U.S.C. § 1915A, which requires the court to dismiss any claim that is legally frivolous or malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law cannot be sued for money damages. When screening the complaint of a plaintiff without counsel, I read the complaint liberally. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). But Lacy must still "plead a plausible claim for relief," *Balle v. Kennedy*, 73 F.4th 545, 557 (7th Cir. 2023), which means that he must "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).

I conclude that Lacy does not state a claim under a federal law, but I will give him an opportunity to amend his complaint to fix the problems discussed in this order. Jurisdiction

over Lacy's state-law claims rests on the federal law claims, so I will defer any consideration of the state-law claims. Lacy's class allegations appear to relate solely to his state-law claims, so it is unnecessary to consider those in this order. But even if Lacy intended to raise any of his federal claims on behalf of a class, any request to certify a class would be premature before Lacy is allowed to proceed on one or more claims.

Lacy also moves for assistance in recruiting counsel. I will deny that motion as premature.

ANALYSIS

**A. Screening**

Lacy alleges that prison officials "have been taking money from [his trust fund account] at a rate of 100% . . . since 2008" for various debts that he owes. Dkt. 1, at 3. In the body of his complaint, he identifies only three deposits in particular that were deducted from his account, including two "stimulus checks" totaling $2,600 and $30 that his granddaughter sent to him. But he attaches trust fund account statements from 2020, 2021, and 2022 showing that he consistently had a zero balance in his account because of deductions for his debts. Dkt. 1-1, at 12–14, 18–21, and 84–86. Lacy also alleges that prison staff have confiscated $740 worth of canteen items.

Lacy relies primarily on state law to contend that this conduct was unlawful, but he raises some federal challenges as well. Lacy does not allege that his citizenship is diverse from either of the defendants, which means that jurisdiction over his state-law claims depends on the existence of a related federal claim. *See* 28 U.S.C. § 1332 and § 1367. So I will consider Lacy's federal claims first.

Lacy does not clearly articulate any of his federal legal theories, but he cites the Equal Protection Clause, the Due Process Clause, and the Eighth Amendment. He also seems to contend that some of the deductions violate federal statutes.

As for the Equal Protection Clause, Lacy includes one sentence at the end of his complaint that he "was selected because of his race, his case, and the fact that he has been assisting other prisoners with their legal work." Dkt. 1, at 8. Lacy does not explain what he means when he says that he "was selected," but I understand from other parts of his complaint that he is alleging that a larger percentage of his deposits are being deducted from his account than from the accounts of other prisoners.

Lacy has not stated a claim for multiple reasons. First, a prison official cannot be held liable for a constitutional violation unless he was personally involved in the unlawful conduct. *See Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Lacy does not explain why he sued the former secretary and the prison warden, but I presume it is because he believes they are responsible for policies related to collecting debts from prisoner accounts. But Lacy's equal protection claim is based on an assertion that prison staff is deviating from prison policy and treating Lacy differently from everyone else. Lacy does not allege that either defendant was personally involved in any discriminatory decision.

Second, to state a plausible claim for discrimination, the plaintiff must identify the "facts or circumstances lead[ing] her to believe her treatment was because of her membership in a protected class." *Kaminski v. Elite Staffing, Inc.*, 23 F.4th 774, 777–78 (7th Cir. 2022). A similar requirement applies to retaliation claims. *Dorsey v. Williams*, No. 21-1858, 2022 WL 337192, at *1 (7th Cir. 2022) (citing *Kaminski*, 23 F.4th at 777–78). Lacy does not identify

any basis for a belief that defendants or any other prison official is treating him differently because of his race or his litigation activity.

In another portion of his complaint, Lacy alleges that he believes prison staff are subjecting him to a "personal attack for some unknown reason" by deducting more money from his account than from other prisoners' accounts. Dkt. 1, at 5. I understand Lacy to be asserting a "class of one" claim under the Equal Protection Clause, but that claim also fails for multiple reasons.

As an initial matter, it is unclear whether a prisoner can bring a class-of-one claim about his prison conditions. Certain inherently discretionary decisions cannot be challenged through a class-of-one claim. *See Engquist v. Or. Dep't of Agric.*, 553 U.S. 591 (2008). The court of appeals has applied that principle to prison employment and prison disciplinary decisions. *See Conner v. Schwenn,* 821 Fed. Appx. 633, 636 (7th Cir. 2020); *Clark v. Reed,* 772 Fed. Appx. 353, 354–55 (7th Cir. 2019). The court of appeals also has questioned more generally whether prisoners can bring a class-of-one claim. *Henderson v. Jess*, No. 21-1585, 2022 WL 1831133, at *4 (7th Cir. June 3, 2022).

But even if I assume that Lacy could bring a class-of-one claim to challenge the deductions from his prison account, he has not stated a claim. "A class-of-one plaintiff must plead and prove that he was intentionally treated differently from others similarly situated and that there is no rational basis for the difference in treatment." *D.B. ex rel. Kurtis B. v. Kopp*, 725 F.3d 681, 685–86 (7th Cir. 2013). Lacy has not done that. His claim appears to be based on a belief that the policy of the Department of Corrections is to deduct no more than 50 percent

of a prisoner's deposits to pay his debts. Dkt. 1, at 5–6.[1] But that is inaccurate. Department policy lists 29 different kinds of prisoner debts. DAI Policy 309.45.02. The policy states that "100% of [a] deposit may be withheld" depending on which kind of debt is at issue. *Id.* Lacy does not identify any prisoner who has the same type of debts as he does but is receiving more favorable treatment, and he identifies no other basis to believe that there is no rational basis for any difference in treatment. I will dismiss Lacy equal protection claims.

As for the Due Process Clause, I understand Lacy to be asserting claims based on the deductions from his account and the deprivation of his property. As for the account deductions, this court has previously held that it does not violate the Due Process Clause for prison officials to use funds from a prisoner's account to pay his debts under a generally applicable policy. *Olson v. Schwochert*, No. 18-cv-666, 2018 WL 6573123, at *1–2 (W.D. Wis. Dec. 13, 2018), *aff'd, Olson v. Schwochert*, 783 Fed. Appx. 614 (7th Cir. 2019); *cf. United States v. Sawyer*, 521 F.3d 792, 794 (7th Cir. 2008) ("As for the Bureau of Prisons: it does not need judicial permission to remit money from a prisoner's account, with or without the prisoner's assent."). In any event, Lacy does not identify any process to which he was entitled but did not receive or any factual dispute a hearing would resolve. That is fatal to his due process claim challenging the deductions from his prison account. "[U]nless the plaintiff maintains that the state actor had to offer a hearing to resolve some contested issue of fact, the dispute belongs in state court under state law." *Goros v. County of Cook*, 489 F.3d 857, 859–60 (7th Cir. 2007).

---

[1] Some of Lacy's allegations about this claim may be missing. Lacy numbered the pages of his complaint from 1 to 11, but there appears to be a page missing between pages 4 and 5. Lacy also numbered one of his pages both 5 and 6, and there appears to be something missing between that page and page 7. I will direct the clerk of court to return a copy of Lacy's complaint, so he can determine whether he believes any omitted information could help him state a claim.

As for the deprivation of the canteen items, Lacy does not provide the necessary context to show that he states a claim under the Due Process Clause. For example, he does not allege that either defendant was personally involved in taking his property, and he does not say why his property was taken. An attachment to the complaint suggests that prison staff confiscated canteen items because Lacy was violating prison rules by directing family members to send money to other prisoners to buy canteen items for him, so that he could evade his debts. Dkt. 1-2, at 99. Regardless of whether all of the deprivations occurred for that reason, Lacy does not allege that he was denied a hearing when he was accused of wrongdoing. Instead, his primary allegation appears to be that prison staff did not give him a receipt for his property, in violation of a state regulation. Dkt. 1, at 5. But violations of state rules are not due process violations. *Wozniak v. Adesida*,932 F.3d 1008, 1011 (7th Cir. 2019). So I will dismiss Lacy's due process claims.

As for the Eighth Amendment, that prohibits cruel and unusual punishment, and it requires prison officials to provide prisoners with the minimal civilized measure of life's necessities, including food, water, clothing, and shelter. *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). It does not restrict the amount of money that prison officials can deduct from a prisoner's account to pay his debts.

Lacy raises one other federal claim, which is that prison officials garnished his "stimulus checks" in the amount of $1,200 and $1,400, even though federal law prohibited garnishment of this money for any reason other than child support, which Lacy does not owe. Dkt. 1, at 4. Lacy provides little context for these allegations, but it appears that the federal government issued checks to Lacy under the Coronavirus Aid, Relief, and Economic Security (CARES) Act,

26 U.S.C. § 6428, and the American Rescue Plan Act (ARPA), 26 U.S.C. § 6428B, which authorized payments of $1,200 and $1,400 to those who qualify.

This claim fails because neither statute creates a cause of action for violations of the statute. *See Thomas v. Department of Treasury,* No. 23-4264, 2023 WL 8582569, at *3 (D.S.C. Nov. 21, 2023) (collecting cases); *Doman v. Mnuchin,* No. 23-480, 2023 WL 9059515, at *3 (S.D.W. Va. Nov. 21, 2023) (collecting additional cases). At least one court held that a related statute, the Consolidated Appropriations Act of 2021 (CAA), 26 U.S.C. § 6428A, created an implied cause of action because it expressly limited garnishment of payments under the statute. *See Beal v. Davids,* No. 21-cv-522, 2021 WL 2934835, at *4 (W.D. Mich. Jul. 13, 2021). But it does not appear that Lacy was issued a payment under the CAA or, if he did, that prison officials garnished it. The CAA authorized payments of $600, and Lacy does not allege that he was supposed to receive such a payment. Any claim under ARPA would fail for another reason, which is that ARPA does not limit garnishment for most debts. *See Kellar v. Inch,* No. 21-cv-21941, 2021 WL 4876147, at *3 (S.D. Fla. Jul. 6, 2021) (citing Pub. L. No. 117-2, § 9601(c)(2), 135 Stat. 4, 143). So Lacy cannot proceed on a federal statutory claim.

In sum, Lacy has not stated a claim under federal law. When a federal court dismisses all the federal claims in case, the court generally will decline to exercise jurisdiction over the state-law claims and dismiss them without prejudice so that the plaintiff can refile the state-law claims in state court if he wishes. *Segal v. Geisha NYC LLC,* 517 F.3d 501, 506 (7th Cir. 2008). The case is still at the pleading stage, and Lacy's state-law claims are distinct from his federal claims, so I will not exercise jurisdiction over the state-law claims at this time. But it is possible that Lacy could amend his complaint with additional allegations to state a claim under federal

law. So I will give him an opportunity to do that before dismissing his federal claims with prejudice and declining to exercise jurisdiction over the state-law claims.

## B. Assistance in recruiting counsel

Lacy also asks for appointment of counsel. There is no right to counsel in civil cases, *Olson v. Morgan*, 750 F.3d 708, 711 (7th Cir. 2014), so a party who wants assistance from the court in recruiting counsel must meet three requirements. *Santiago v. Walls*, 599 F.3d 749, 760-61 (7th Cir. 2010).

First, he must show that he is unable to afford counsel. Lacy is not proceeding *in forma pauperis* under 28 U.S.C. § 1915, and he has not submitted any evidence about his ability to afford counsel. The account statements Lacy submitted are all from 2022 or earlier. I am aware that Lacy obtained a substantial legal settlement in *Lacy v. McArdle*, 20-cv-1014-jdp in 2023, and he does not allege that his settlement was used to pay debts. If Lacy renews his motion for assistance in recruiting counsel, he will have to submit evidence of his current financial status.

Second, he must show that he made reasonable efforts on his own to find a lawyer to represent him. *Balle v. Kennedy*, 73 F.4th 545, 559–60 (7th Cir. 2023). In this court, a party may satisfy that requirement with evidence that at least three lawyers in the relevant practice area refused the party's request to represent him. That evidence may include rejection letters from the lawyers or a declaration or affidavit from the plaintiff in which he identifies the lawyers he asked, the date he made his request, and the way in which each lawyer responded. Lacy has not shown that he has made any effort to find counsel on his own, so that is another reason to deny his motion.

Third, the plaintiff must demonstrate that his is one of those relatively few cases in which it appears from the record that the legal and factual difficulty of the case exceeds his

ability to prosecute it. *Pruitt v. Mote*, 503 F.3d 647, 654–55 (7th Cir. 2007). The question is not simply whether a lawyer might do a better job.  Almost all of this court's pro se litigants would benefit from the assistance of counsel, but there are not enough lawyers willing to take these types of cases to give each plaintiff one. I must decide for each case "whether this particular prisoner-plaintiff, among many deserving and not-so-deserving others, should be the beneficiary of the limited resources of lawyers willing to respond to courts' requests." *McCaa v. Hamilton*, 893 F.3d 1027, 1036 (7th Cir. 2018) (Hamilton, J., concurring).

At this stage of the case, all Lacy has to do is file an amended complaint that addresses the concerns raised in this order. Lacy has litigated numerous cases on his own in the past, so this should be within his ability. Lacy says in his motion that he "is not in good shape medically." Dkt. 2, at 1. I am aware from Lacy's other cases that he suffers from health problems and is confined to a wheelchair after losing part of his left leg. But Lacy identifies no reason why his disabilities prevent him from preparing an amended complaint or otherwise litigating this case.

For all of these reasons, I will deny Lacy's motion for assistance in recruiting counsel.


ORDER

IT IS ORDERED that:

1.  Plaintiff Gregory Davis is DISMISSED without prejudice.

2.  Johnny Lacy, Jr.'s claims under federal law that Kevin Carr and Gary Boughton have improperly deducted money from his trust fund account are DISMISSED for failure to state a claim.

3.  Lacy may have until January 3, 2025, to file an amended complaint that addresses the defects discussed in this order.

4.  If Lacy does not respond by January 3, I will dismiss the federal claims with prejudice, dismiss the state-law claims without prejudice, and direct the clerk of court to issue a "strike" under 28 U.S.C. § 1915(g) and enter judgment. *See Paul v. Marberry*, 658 F.3d 702, 704–06 (7th Cir. 2011).

5.  The clerk of court is directed to send Lacy a copy of his complaint for the reasons discussed in footnote one.

6.  Lacy's motion for assistance in recruiting counsel, Dkt. 2, is DENIED without prejudice.

Entered December 12, 2024.

BY THE COURT:

/s

_____
JAMES D. PETERSON
District Judge